UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CRIMINAL ACTION NO.  7:13-CR-25-KKC-04

UNITED STATES OF AMERICA,                                        PLAINTIFF,

V.                                    **RECOMMENDED DISPOSITION**

PHILLIP MORGAN JOSEPH,                                          DEFENDANT.

The defendant, Phillip Morgan Joseph, appeared before the undersigned on April 16, 2020,

for a final revocation hearing on a single supervised release violation, which charges:

> Violation #4: Condition of Supervision: The defendant shall not commit another
> federal state or local crime. The basis for this charge stems from Joseph's Monthly
> Supervision Report (Probation Form 8) for the month of December 2019, which
> was signed by signed by Mr. Joseph on January 6, 2020.  In that report, Joseph,
> indicated that he had not been named in a criminal case during the month of
> December 2019. Mr. Joseph was alleged to be in violation of 18 U.S.C. § 1001,
> which would constitute a Grade B Violation.

Title 18, United States Code, § 1001, makes it a violation of law for a felon on supervision

to make a false representation to the Court, and provides fines and imprisonment for anyone who:

(a) Except as otherwise provided in this section . . . in any matter within the jurisdiction of

   the . . . judicial branch of the Government of the United States knowingly and willfully

   (1) Falsifies, conceals, or covers up by any trick, scheme, or device a material fact;

   (2) Makes any materially false, fictitious, or fraudulent statement or representation; or

   (3) Makes or uses any false writing or document knowing the same to contain any

      materially false, fictitious, or fraudulent statement or entry.

18 U.S.C. § 1001(a).

In order for Joseph to be guilty of this offense, it is necessary for the Untied States to prove by a preponderance of the evidence that:

(A) First, that he made a representation;

(B) Second, that the statement was false;

(C) Third, that the representation was material;

(D) Fourth, that the defendant acted knowingly and willfully; and

(E) Fifth, that the representation pertained to a matter within the jurisdiction of the judicial branch of the United States government.

*United States v. Geisen*, 612 F.3d 471, 489 (6th Cir. 2010); *United States v. Lutz,* 154 F.3d 581, 587 (6th Cir. 1998); and *United States v. Rogers*, 118 F.3d 466, 470 (6th Cir. 1997) (*citing United States v. Steele*, 933 F.2d 1313, 1318-1319 (6th Cir. 1991) (en banc))

At the final revocation hearing in this matter, United States Probation Officer Robin McFarland testified that she received information that Mr. Joseph had been summoned to state court on a charge of terroristic threatening in the 3rd degree, after threatening to kill the victim, a relative. Officer McFarland obtained records of that matter, including a criminal complaint and summons. She provided true and accurate copies of those documents to the Court and to the parties, indicating that Joseph was served with a criminal complaint and summons to appear. Officer McFarland testified that this information is directly in conflict with the supervision report he filed indicating that in the month of December 2019, he had not been named in a criminal matter or had any pending charges against him.

Joseph testified that in November 2019 an officer gave him a complaint and summons and told him because his brother had gone to the court a summons had been issued for his appearance in December 2019. Joseph went to Court on the day he was summoned, and the matter was

dismissed because his brother failed to appear. Joseph testified that he recalled completing a monthly supervision report in January, 2020, for the month of December 2019, indicating that during the month of December he had not been named as a defendant in a criminal case or had any charges pending against him. He signed a verification representing that the statements made on his report to probation were true.

In the present case based upon the evidence, the Court finds that Joseph made a representation that he had not been named as a defendant in a case or had charges brought against him; that this representation was false when it was made based upon the testimony and evidence in the record, and further finds that Joseph knew it was false at the time it was made. The Court finds that the statement was "material" in that it has the tendency to influence the actions of the supervising officer, and was done "knowingly and willfully" as it was done voluntarily and intentionally, and not because of mistake or some other innocent reason. Finally, that the matter on which the statement or representation was made was "within the jurisdiction of the judicial branch of the United States government" as the United States Probation Office and the United States District Court has the power to exercise authority in that matter. The Court finds that the evidence establishes these facts by a preponderance of the evidence.

In the instant case, the defendant was found to be guilty of violation number 4 and proceeded to statements relevant for purposes of sentencing.

## FACTUAL BACKGROUND

Joseph was originally charged with five violations, however, the United States has moved to dismiss violations 1, 2, 3, and 5. The United States argues, however, that the Court may consider the conduct which forms the basis of the dismissed violations. Although charged with failing to report being named as a defendant in a criminal matter, Joseph was also charged with failing to

report to probation as directed (Violation #1), committing the crime of terroristic threatening (Violation #2) failing to notify the probation officer of being arrested or questioned by officers (Violation #3); failing to participate in substance abuse treatment (Violation #5).  Violations 1, 2, 3 and 5 are not supported with sufficient evidence to support a finding of guilt.

## **RECOMMENDED SENTENCE**

Due to the nature of his present violation and his history of prior offense conduct, the United States argues that Joseph's supervision should be revoked, and he be sentenced to a period of time within the mid-range of the sentencing guidelines.  The Defendant asks for leniency, requesting a sentence of twelve months and one day.  For the reasons that follow, the undersigned will recommend that Joseph be sentenced to a period of twelve months and one day, with further direction that he resume his unexpired period of supervision upon release from incarceration.

## **I.**

In determining the appropriate sentence in this case, the Court looks to the provisions of 18 U.S.C. § 3553(a), for guidance in recommending a sentence, properly calculated and imposed. The statute provides:

> The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection.  The Court, in determining the sentence to be imposed, shall consider –
>
> > (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> > (2) the need for the sentence imposed –
> > (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> > (B) to afford adequate deterrence to criminal conduct;
> > (C) to protect the public from further crimes of the defendant; and
> > (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

4

(3) the kinds of sentences available;
(4) the kinds of sentences and the sentencing ranges established...
(5) any pertinent policy statement...
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

18 U.S.C. 3553(a).

## II.

In considering the nature and circumstances of the instant offense and the Defendant's history and characteristics, the court finds the following particularly relevant.

Joseph is a 43 year old male from Floyd County, Kentucky, who had little contact with his parents, being raised by his grandmother.  He is in relatively good health, having had prior treatment for drug abuse. He denied history of emotional concerns but began abusing controlled substances during his teenage years. He withdrew from education in the 11th grade, but later obtained a GED.  He has had no employment since 2013. He has a criminal history category of IV, based upon a convictions in 2005, 2006, 2010, and 2011 for charges involving operating a motor vehicles under the influence of drugs and/or while in possession of controlled substances; and a charge of fourth degree assault in 2009.  On September 9, 2014, he was sentenced to sixty months imprisonment to be followed by eight years of supervised release in this case after pleading guilty to Conspiracy to Distribute Heroin, in violation of title 21 U.S.C. § 846.  He was released to supervision on July 19, 2019, and his alleged supervisory offense conduct began two months later, in September 2019.

## III.

The Court now turns to consideration of the next factors: the need for the sentence imposed under 18 U.S.C. 3553(a):

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

The defendant's drug history and drug related convictions emphasize the seriousness of the present violation conduct and underscore the seriousness of his failure to devote the time and effort necessary to complete his supervisory obligations.   The violation committed by Joseph is a Grade B Violation.  Considering the severity of this violation in combination with his criminal history category of IV, the United States Sentencing Guidelines recommend a sentence of imprisonment of 12-18 months.  The maximum period of incarceration allowed under 18 U.S.C. § 3583(e)(3) is 24 months with no maximum period of supervision upon release.

In fashioning a recommendation in the case, the Court considers the information above, Joseph's longstanding drug use and behavior as reflected in his criminal history category of IV, and his violation of a reporting condition. Now, in order to satisfy the considerations of the controlling statute, the undersigned believes that revocation of supervision with a period of imprisonment with supervision to follow should be imposed. This is his first series of alleged violations, after being released from incarceration for only two months.  Upon release he has failed to show sincere effort or commitment to improving and an incremental sentence would be indicated in response to his present violation.  Therefore, a  period of incarceration of **twelve months and one day** is significant and will satisfy the above-stated purposes, including acting as

a deterrent to future criminal conduct and protecting the public from further crimes that he might be inclined to commit.

## **CONCLUSION**

As previously stated, that facts upon which the Court recommends finding that the Defendant committed Violation 4 has been established by his own admission, and therefore has been proven by a preponderance of the evidence. Therefore, for the reasons previously stated, the undersigned recommends:

(1) That the Defendant be found guilty of Violation 4;

(2) That his supervision be REVOKED;

(3) That Phillip Morgan Joseph be sentenced to a term of incarceration for 12 months and one day with directions that he resume his unexpired period of supervision upon release;

(4) That upon motion of the United States, violations 1, 2, 3 and 5 be DISMISSED;

(5) That upon a waiver filed into the record within fourteen days evidencing Perry's knowing, intelligent and voluntary relinquishment of his right of allocution in this action, his supervision should be revoked, and he be sentenced; and

(6) If Joseph desires to exercise his right of allocution, the matter should be scheduled for a final hearing before Judge Karen K. Caldwell for purposes of allocution and sentencing.

Specific objections to this Report and Recommendation must be filed within fourteen (14) days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Bituminous Cas. Corp. v. Combs Contracting Inc., 236 F. Supp. 2d 737, 749–50 (E.D. Ky. 2002). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004);

Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995).  A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

Signed April 21, 2020.



Signed By:

Edward B. Atkins

United States Magistrate Judge