UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CRIMINAL ACTION NO. 7:13-CR-25-KKC-4

UNITED STATES OF AMERICA,                                                                 PLAINTIFF,

V.                               **RECOMMENDED DISPOSITION**

PHILLIP MORGAN JOSEPH,                                                                    DEFENDANT.

On September 9, 2014, Phillip Morgan Joseph appeared before the Court for sentencing after entering a plea of guilty to Conspiracy to Distribute Heroin, in violation of title 21, U.S.C. § 846. He was sentenced to 60 months of imprisonment to be followed by a eight years of supervised release.

On July 19, 2019, the defendant began his term of supervision through the Probation office in Pikeville, Kentucky. However, on May 18, 2020, his supervision was revoked due to his failure to timely submit his Monthly Supervision Report for the month of December 2019, his failure to inform the probation officer of contact with law enforcement and being named as a defendant in another criminal matter. He was sentenced to 12 months and one day imprisonment, with directions to resume his unexpired period of supervision upon release. On February 2, 2021, he was released to begin his second term of supervision.

On June 1, 2021, the Court was notified of alleged violations of the following terms of Joseph's supervised release:

**Violation No. 1**:

> **Mandatory Condition No. 3: You must refrain from the use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by**

1

>  **the court.**

On May 18, 2021, during a home visit, Mr. Joseph tested positive for methamphetamine. When confronted regarding the positive drug screen, Mr. Joseph denied the use of the substance. The specimen was forwarded to Alere Toxicology Services for further analysis. The results confirmed the specimen to be positive for methamphetamine. **This is a Grade C Violation**.

>  **Violation No. 2:**
>
>  **Mandatory Condition No. 1**: **You must not commit another federal, state, or local crime.**
>
>  **Mandatory Condition No. 2**: **You must not unlawfully possess a controlled substance.**

Methamphetamine is a Schedule II controlled substance, pursuant to the Controlled Substances Act. Due to the defendant's prior drug conviction and with the Sixth Circuit Court of Appeals' finding that use is the equivalent of possession, simple possession of methamphetamine constitutes a violation of 21 U.S.C. § 844(a), a Class E felony. **This is a Grade B Violation**.

As a result, the matter came for a final hearing on June 21, 2021, before the undersigned. The defendant, Phillip Morgan Joseph was present and represented by counsel. He expressed his desire to stipulate to the violations and, as a result, was placed under oath and advised of all applicable rights, including the right to remain silent, to the assistance of counsel, and to a final hearing. In addition, he was advised of the charges against him and all possible penalties, including the recommended guideline range and the applicable statutory punishment. Then, in the presence of and with the advice of counsel, he admitted to violating the conditions as charged in the violation report in a knowing, intelligent, and voluntary way.

THEREFORE,

IT IS RECOMMENDED that Phillip Morgan Joseph should be found to have violated the conditions of supervision as alleged in the report of June 1, 2021.

Because Joseph specifically reserved his right of allocution before the presiding district judge, the matter should be scheduled for a hearing before Judge Karen Caldwell, for the purpose of allocution and sentencing.

Specific objections to this Recommended Disposition must be filed within FOURTEEN (14) days from the date of service thereof or further appeal is waived. <u>United States v. Campbell</u>, 261 F.3d 628, 632 (6th Cir. 2001); <u>Bituminous Cas. Corp. v. Combs Contracting Inc.</u>, 236 F. Supp. 2d 737, 749–50 (E.D. Ky. 2002). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. <u>Cowherd v. Million</u>, 380 F.3d 909, 912 (6th Cir. 2004); <u>Miller v. Currie</u>, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

Signed June 24, 2021.



Signed By:
<u>Edward B. Atkins</u>　*EBA*
United States Magistrate Judge